IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARRY ARDINGER,     :
  Plaintiff      :
            :
 v.         :   CIVIL NO. AMD 05-1029
            :
BOARD OF COUNTY    :
COMMISSIONERS of WASHINGTON :
COUNTY, MD,      :
  Defendant     :
         ...o0o...

MEMORANDUM OPINION

Plaintiff Larry Ardinger was employed as a maintenance equipment operator at the Hagerstown Regional Airport in Washington County, Maryland. Ardinger was fired from his job on November 4, 2003. He asserts claims for gender discrimination and sexual harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000, *et seq*. Discovery having concluded, defendant has moved for summary judgment on both claims.[*] The issues are fully briefed and a hearing is not necessary. The motion shall be granted for the reasons stated within.

I.

Ardinger admits that the incidents giving rise to his hostile environment claim

---

[*]As a result of medical issues arising for counsel and/or members of their families, and perhaps others, the parties have sought, and largely obtained, modifications to the scheduling order on some occasions. Regrettably, however, counsel for the parties have not been able to cooperate fully in accommodating each other's needs in these regards, and plaintiff has filed several discovery-type motions and motions in limine, complaining that plaintiff has been deprived a full and fair opportunity to develop his claims. The court has examined all such filings and finds them to be without merit.

occurred between June 2002 and February 2003. *See Ardinger Dep. at 196.* In addition, as mentioned above, his disparate treatment claim (based on his termination) accrued on November 4, 2003. He filed his charge of discrimination with the Equal Employment Opportunity Commission only on June 7, 2004, and received a "Right to Sue" letter dated December 14, 2004. This suit was timely filed in the Circuit Court for Washington County, Maryland, on March 14, 2005, and removed to this court on April 14, 2005.

## II.

In June 1997, Ardinger began working at the Hagerstown Regional Airport, where the manager was Carolyn Motz. It is clear from the record that Ardinger and Motz had a friendly relationship. Ardinger regularly purchased gifts for Motz, including a Santa Claus doll, a miniature set of golf clubs, and a personalized plaque with flattering messages. Ardinger also wrote her letters that, although most often friendly in tone, sometimes ventured into personal topics, such as Motz's appearance and her weight. *Deft.'s Exh. 4.* Sometime in about mid-2003 Motz found one gift inappropriate and returned it. In any event, prior to the events of October/November 2003 discussed below, plaintiff never complained about inappropriate behavior on the part of Motz, although the airport authority maintained a detailed anti-sexual harassment policy.

In an unsigned, anonymous, typewritten letter received at the airport in late August 2003, the author charged Motz, in sexually explicit language that was insulting and demeaning, with having an affair with an airport employee. Subsequently, in October 2003,

Ardinger wrote and delivered a letter to Motz which, in several respects, echoed statements contained in the August letter, and in particular stated that "you chase after Phil [another airport employee] like a dog in heat." *Deft.'s Exh. 1*. Defendant conducted an investigation into the October letter, and after suspending plaintiff for a few days, ultimately terminated his employment for misconduct.

Thereafter, for the first time (and in the course of the investigation into the letters) Ardinger claimed that Motz sexually harassed him. He identified, then as now, several incidents, all taking place between June 2002 and February 2003. Ardinger claims that, among other things, Motz lowered her shirt in the area of her breasts to show where she had a mole removed, pulled her dress up inappropriately high when she had a dog sitting on her lap, and called him at home after he had missed work because of shoulder surgery and said, "you haven't been gone a day and I miss you already." *Complaint at ¶ 7.*

### III.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A fact is material for purposes of summary judgment, if, when applied to the substantive law, it affects the outcome of the litigation. *Id*. at 248.  Summary judgment is also appropriate when a party "fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Karim v. Staples, Inc.*, 210 F. Supp. 2d 737, 740 (D.Md. 2002).

IV.

In a claim for hostile work environment sexual harassment, a plaintiff must establish (1) unwelcome conduct (2) based on plaintiff's gender (3) sufficiently pervasive or severe to alter the conditions of employment and to create a hostile work environment, with (4) some basis for imputing liability to the employer.  *Matvia v. Bald Head Siland Management, Inc.*, 259 F.3d 261, 266 (4th Cir. 2001).

Here, although it is highly problematic whether Motz's alleged conduct was unwelcome to plaintiff, the court will consider it so in viewing the facts in the light most favorable to plaintiff, the non-movant. Nevertheless, this claim fails because Motz's alleged conduct was not so severe as to give rise to a hostile work environment. Simply put, Motz's actions, as described by the plaintiff, are not sufficiently pervasive or severe to meet the Fourth Circuit's test as set forth in *Matvia*. It is apparent from the record that Ardinger continued to have an open and friendly relationship with Motz while these alleged incidents were occurring. In addition, assuming the incidents occurred as described, they apparently were not so severe that they led Ardinger to report them to Motz's supervisor.

Even more fundamentally, the hostile environment claim is time-barred as a matter of law. All of the incidents of which Ardinger complains took place between June 2002 and

February 2003. He only filed his EEOC complaint on June 7, 2004, which was more than 300 days after the last incident of alleged harassment. While Ardinger argues that there was a "continuing violation," he fails to identify any incident within the 300-day window  that is sufficiently linked to the complained of activities so that the filing period could be expanded.  *Beall v. Abbott Labs*., 130 F.3d 614, 620 (4th Cir. 1997); *Karim v. Staples, Inc.*, 210 F. Supp. 2d 737, 748-49 (D.Md. 2002);  *Tangires v. Johns Hopkins Hosp.*, 79 F. Supp 2d 587, 597 (D.Md.).

Ardinger's gender discrimination claim also fails as a matter of law. Ardinger is unable to make out a prima facie case on this count because he does not show that similarly situated women were treated differently from him in his employment at the airport. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981); *cf. Miles v. Dell, Inc.,* 429 F.3d 480 (4th Cir. 2005).  Even if he were able to establish a prima facie case, however, it is clear that defendant has rebutted any inference of discrimination by its showing that plaintiff was fired because he wrote a sexually explicit letter to his second-level supervisor in which he referred to her as a "dog in heat."

## V.

For the reasons stated above, the defendant's motion for summary judgment shall be granted. An Order follows.

Filed: January 23, 2006                            _____/s/_____
                                                ANDRE M. DAVIS
                                                UNITED STATES DISTRICT JUDGE